# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL MAXWELL,<br><br>       Petitioner,<br>v.<br>WARDEN RENEE BAKER, *et al.*,<br><br>       Respondents. | Case No. 3:19-cv-00201-MMD-CBC<br><br>ORDER |

This *pro se* habeas petition pursuant to 28 U.S.C. § 2254 comes before the Court for consideration of Petitioner's application for leave to proceed *in forma pauperis* (ECF No. 1), motion for appointment of counsel (ECF No. 1-2), and for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court finds that Petitioner is unable to pay the filing fee. The pauper application will therefore be granted, and Petitioner will not be required to pay the filing fee. The Court further will direct service of the petition and a response.

Turning to Petitioner's motion for appointment of counsel, the motion will be denied. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the

petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). The petition in this case appears sufficiently clear in presenting the issues that Petitioner wishes to raise, and the legal issues are not particularly complex. Therefore, counsel is not justified here.

It is therefore ordered that the Clerk of Court will file the petition (ECF No. 1-1).

It is further ordered that the Clerk of Court will add Nevada Attorney General Aaron D. Ford as attorney for Respondents and informally electronically serve the Nevada Attorney General with a copy of the petition and this order.

It is further ordered that Respondents may file a response to the petition, including potentially by motion to dismiss, within sixty days of the date of entry of this order and that Petitioner may file a reply thereto within thirty days of service of the answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, are governed instead by Local Rule LR 7-2(b).

It is further ordered that any procedural defenses raised by Respondents in this case must be raised together in a single consolidated motion to dismiss. Respondents may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they will specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss.

It is further ordered that in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Respondents must file a set of state court exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed, *infra*.

It is further ordered that all state court record exhibits filed herein must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is to ensure the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

DATED THIS 23rd day of April 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE